- 1 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD MUHAMMAD and WILHELMENIA T. MUHAMMAD, ) ) ) Plaintiffs, ) ) v. ) ) FEDERAL HOUSING FINANCE AGENCY, ) as Conservator for the FEDERAL HOME LOAN ) MORTGAGE CORPORATION; WELLS FARGO ) BANK, NATIONAL ASSOCIATION; CODILIS ) & ASSOCIATES, P.C.; EVAN SLEDGE; TAKEISA) SLEDGE; UNKNOWN OWNERS and NON- ) RECORD CLAIMANTS, ) ) Defendants. | Case No. 1:24-cv-04540<br><br>Honorable John F. Kness |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.      Nature of the Case.**

    A.     Attorneys of record for each party, lead trial attorney, and any local counsel:

        Plaintiffs: Ronald Muhammad and Wilhelmenia T. Muhammad
        Plaintiffs are currently represented in this matter by Aaron T. Troy of Huck Bouma PC. However, Huck Bouma PC filed a Motion to Withdraw on July 24, 2024 and is seeking leave to withdraw as counsel of record for Plaintiffs.

        Defendant Federal Housing Finance Agency, as Conservator
        Attorneys of Record:  Edward J. Keating of Duane Morris LLP

        Defendant Federal Home Loan Mortgage Corporation

>Attorneys of Record: Sarah R. Marmor and Dominique Price, Scharf Banks Marmor LLC
>
>Defendant Wells Fargo Bank, N.A.
>Attorneys of Record: Colette M. Willer, Reed Smith LLP
>
>Defendant Codilis & Associates, P.C.
>Attorneys of Record: Adam A. Price, Codilis & Associates, P.C.
>
>Defendants Evan Sledge and Takeisa Sledge have not been served as of the date of this Joint Initial Status Report. Previous attempts to serve them prior to the removal of this case from the Circuit Court of Cook County, Illinois, were unsuccessful. An alias summons will need to be issued as to Evan Sledge and Takeisa Sledge if this case is not dismissed.

B.  State the basis for federal jurisdiction:

This case was initially filed in the Circuit Court of Cook County, Illinois, case number 2024 CH 02639. Defendants Federal Housing Finance Agency ("FHFA") and Federal Home Loan Mortgage Corporation ("Freddie Mac") each filed a Notice of Removal to remove the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1) and 12 U.S.C. § 1452(f).

C.  Provide a short overview of the case:

Plaintiffs Ronald and Wilhelmenia T. Muhammad (the "Muhammads"), husband and wife, previously owned residential real estate located at 4345 S. Vincennes Avenue in Chicago, Illinois (the "Residence"). On May 16, 2006, the Muhammads took out a refinance loan with Provident Funding secured by a mortgage on the Residence (the "Mortgage"). Mortgage Electronic Registration Systems, Inc. ("MERS") was the mortgagee on the Mortgage. Wells Fargo was the servicer of the Mortgage loan. On July 13, 2006, Freddie Mac acquired the debt instrument and allegedly transferred it into a mortgage-backed securities trust.

On June 13, 2012 Wells Fargo, through its attorneys Codilis & Associates, P.C. ("Codilis"), filed a Complaint to Foreclose Mortgage against the Muhammads in the Circuit Court of Cook County, Illinois, alleging that the Muhammads defaulted on their refinance loan and seeking to

foreclose on the Mortgage. On June 18, 2012 Codilis, on behalf of Wells Fargo, filed a Lis Pendens against the Residence.

On January 30, 2013, Wells Fargo obtained a judgment of foreclosure and sale in the foreclosure case. On December 5, 2013, the Residence was transferred via judicial sale to Wells Fargo. On June 4, 2014, a Judicial Sale Deed was executed by The Judicial Sales Corporation, as Grantor, transferring the Residence to Freddie Mac, as Grantee.

On December 19, 2023, Freddie Mac, as Grantor, executed a Special Warranty Deed in favor of Grantees Evan Sledge and Takeisa Sledge.

D. Describe the claims asserted in the complaint and the counterclaims and/or third party claims and/or affirmative defenses:

The Muhammads assert that certain of the instruments recorded on the public land records related to the Residence are fraudulent, void, and a cloud on their superior title thereto, and therefore must be expunged. Specifically, the Muhammads allege that the May 16, 2006 Mortgage, an April 19, 2012 Corporate Assignment of Mortgage (prepared by Wells Fargo and purporting to assign the Mortgage from MERS to Wells Fargo), the June 13, 2012 Lis Pendens, the June 4, 2014 Judicial Sale Deed, the December 19 2023 Special Warranty Deed, and a January 2, 2024 mortgage (given by Evan and Takeisa Sledge to Bay Equity, LLC) each must be expunged.

Defendants FHFA, Freddie Mac, Wells Fargo, and Codilis each filed Motions to Dismiss the Muhammads' Complaint. Generally speaking, each Defendant argues that the Muhammads' claims are barred by *res judicata*, because the claims have been fully adjudicated by the foreclosure action which rendered a final judgment in 2013. Defendants further assert that the Muhammads have previously raised these arguments in two state court appeals of the 2013 foreclosure judgment, and at least two cases which Mr. Muhammed attempted to file *pro se* in the United

States District Court of the Northern District of Illinois, all of which were dismissed (as affirmed by the Seventh Circuit). The federal filings led to this Court's Executive Committee entering Orders (case numbers 20-c-3557 and 20-c-3511) prohibiting Mr. and Mrs. Muhammad from filing any further *pro se* actions in this Court without first obtaining leave of court to do so.

Separately, FHFA maintains that the case must be dismissed against it because Plaintiffs have not asserted any claims or allegations against FHFA, but instead presumably named FHFA as a defendant solely due to its status as conservator of Freddie Mac. Accordingly, FHFA states that there is no legal or factual basis for Plaintiffs to state a claim against it.

In addition, Codilis argues that the case must be dismissed against it because the Muhammads' Complaint does not allege any facts to sustain a cause of action against Codilis. Freddie Mac further argues that the Complaint is barred by the two-year statute of limitations in 5 ILCS 5/13-107.1(a), as the Judicial Sale Deed was executed more than two years prior to the filing of the Muhammads' Complaint.

      E.      What are the principal factual issues?

The principal factual issues to be resolved in this case include the following:

- Were the Provident Funding Note and Mortgage bifurcated at any point between May 16, 2006 (the date of signing) and June 13, 2012 (the date of filing of the foreclosure complaint)?
- Was Wells Fargo the "Mortgagee" of the Mortgage, as it claimed to be in the 2012 foreclosure complaint?
- Do one or more of the land records the Muhammads complain of bear facial signs of fraud or other characteristics which invalidate the records and warrant expungement?
- Did Freddie Mac possess any interest in the Residence prior to June 4, 2014, sufficient to warrant the transfer of title thereto via the Judicial Sale Deed?

      F.      What are the principal legal issues?

The principal legal issues to be resolved in this case include the following:

- Are the Muhammads' claims barred by *res judicata*, collateral estoppel, and/or the statute of limitations?
  Does the Muhammads' Complaint state a valid cause of action against any and all Defendants?
- If the Note and Mortgage were bifurcated prior to June 13, 2012, did it have the legal effect of cancelling the Note and/or Mortgage?
- If Wells Fargo was not the "Mortgagee" as it claimed to be in the foreclosure case, does that invalidate the actions taken in the foreclosure case, including the judgment of foreclosure and subsequent Judicial Sale Deed?
- Does the transfer of the Residence via Judicial Sale Deed to Freddie Mac by The Judicial Sales Corporation, notwithstanding the fact that the judgment of foreclosure and sale was entered in favor of Wells Fargo and the fact that Freddie Mac was not a party to the foreclosure case, constitute a break in the chain of title to the Residence?
- Did the securitization of the Note and Mortgage in 2006 have the legal effect of cancelling the Note and/or Mortgage, or otherwise affect Wells Fargo's ability to foreclose on the Residence?

G. What relief are the plaintiffs seeking?

Plaintiffs are seeking (1) a declaratory judgment that each of the complained-of public land records is void and therefore a cloud on their title to the Residence; and (2) the cancellation and expungements of said void land records.

H. Have all the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

Defendants Evan Sledge and Takeisa Sledge have not been served as of the date of this Joint Status Report. All other named defendants have been served.

II. **Case Scheduling and Discovery.**

A. Propose a discovery schedule using the following template:

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | |
| Service of process on any "John Does" | [*60 days after the beginning of fact discovery*] |
| Completion of Fact Discovery | |

- 5 -

- 6 -

| | |
|---|---|
| Disclosure of Plaintiff's Expert Report(s) | [*Insert date one month after close of fact discovery*] |
| Deposition of Plaintiff's Expert | |
| Disclosure of Defendant's Expert Report(s) | |
| Deposition of Defendant's Expert | |
| Dispositive Motions | [*Insert date one month after the close of expert discovery*] |

*Comment from Plaintiffs' counsel*: Plaintiffs' counsel is cognizant of the fact that the pendency of a dispositive motion does not automatically cause discovery to be stayed. However, given that Plaintiffs' counsel has filed a motion to withdraw and is intending to withdraw from the case, Plaintiffs' counsel respectfully suggests that firm discovery deadlines not be set until substitute Plaintiffs' counsel has had the opportunity to appear and provide their input.

*Comment from Defendants' counsel:* As explained in the several motions to dismiss pending before this Court, the Executive Committee for the Northern District of Illinois has barred the Plaintiffs from appearing *pro se* in this jurisdiction. Without replacement counsel in this case, and in light of the substantive motions to dismiss the case with prejudice, Defendants collectively submit that any and all discovery should be held in abeyance pending an appearance by substitute counsel and resolution of those motions. Discovery would unnecessarily increase the costs of this litigation, where there is a threshold issue whether the causes of action can even be maintained at all.

    B.    How many depositions do the parties expect to take?

    C.    Do the parties foresee any special issues during discovery?

  D. Rule 26(f)(2) requires the parties to propose a discovery plan. See Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. See Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan, including all of the topics required by Rule 26(f)(3)? If so, do the parties propose anything?

If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Kness's proposed order inbox.

**III.**  **Trial.**

  A. Have any of the parties demanded a jury trial?

No.

  B. Estimate the length of trial.

**IV.**  **Settlement, Referrals, and Consent.**

  A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing?

As of the date of this Report, no settlement discussions have taken place, and the Plaintiffs have not made a written settlement demand.

  B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

Plaintiffs' counsel respectfully requests that this question be deferred until substitute plaintiffs' counsel has had a chance to appear.

  C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?

- 8 -

Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

Plaintiffs' counsel respectfully requests that this question be deferred until substitute plaintiffs' counsel has had a chance to appear.

**V.     Other.**

    A.    Is there anything else that the Plaintiffs want the Court to know?

No.

    B.    Is there anything else that the Defendants want the Court to know?

Not at this time.

Respectfully Submitted,

 /s/ *Aaron T. Troy*
Aaron T. Troy
HUCK BOUMA PC
1755 S. Naperville Road, Suite 200
Wheaton, Illinois 60189
Phone: (630) 221-1755
Fax: (630) 221-1756
Email: atroy@huckbouma.com

Attorneys for Ronald Muhammad and
Wilhelmenia T. Muhammad

/s/ Adam Price
Codilis & Associates, P.C.
15w030 N Frontage Rd
Burr Ridge, IL 60527
Phone: (630) 794-5300
Email: adam.price@il.cslegal.com

Attorney for Codilis & Associates, P.C.

- 9 -

*/s/ Colette M. Willer*
**REED SMITH LLP**
Colette M. Willer (SBN 6304298)
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: 312-207-1000
Fax: 312-207-6400
cwiller@reedsmith.com
*Counsel for Defendant Wells Fargo Bank, N.A.*


*/s/ Edward J. Keating*
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60303
T: (312) 499-6700
F: (312) 499-6701
E: EJKeating@duanemorris.com
*Attorney for Federal Housing Finance Agency*